UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PANINI, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-04534-JSC<br><br>**ORDER FOR SUPPLEMENTAL SUBMISSION RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

　　　　Plaintiffs Daren Heatherly and Irma Ramirez ("Plaintiffs") bring this action against Defendants the Lada Group, Inc. d/b/a Panini and Thomas P. Wiseau, individually and as trustee for the Thomas P. Wiseau Revocable Trust, aka "The Wiseau Trust" dated 12/10/1992. Plaintiffs allege that Defendants' restaurant, Panini (the "Business"), in San Francisco, California, is operating with architectural access barriers in violation of their civil rights under the Americans with Disabilities Act ("ADA") and California state law. Now pending before the Court is Plaintiffs' motion for default judgment. Having reviewed Plaintiffs' submission, the Court ORDERS Plaintiffs to submit a supplemental submission in support of certain fee requests as set forth below.

　　　　First, Plaintiffs request $560 to reimburse the work of Legal Assistants / Word Processors A. Cooper and P. Maupin, but it is not clear whether Plaintiffs are categorizing this amount as recoverable attorneys' fees or as costs, since their papers appear to do both. (*Compare* Dkt. No. 34-5 at 2 (including Cooper and Maupin in "total attorney, paralegal & word processor" amount), *with* Dkt. No. 34 at 9 (requesting reimbursement for the legal assistant and word processor as out-of-pocket costs in the amount of $560). Plaintiffs argue they are entitled to reimbursement under the ADA, 42 U.S.C. § 12205, which grants the Court discretion to award the prevailing party "in

1  any action or administrative proceeding commenced pursuant to [the ADA] . . . a reasonable
2  attorney's fee, including litigation expenses, and costs." (Dkt. No. 33 at 26.) The entry of default
3  judgment would render Plaintiffs the prevailing party in this action. *Sceper v. Trucks Plus*, No.
4  Civ. 09-0801, 2009 WL 3763823, at *6-7 (E.D. Cal. Nov. 2, 2009) (citing *Buckhannon Bd. &*
5  *Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)).
6  Nevertheless, "the fee applicant bears the burden of establishing entitlement to an award and
7  documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S.
8  424, 437 (1983).

9        Courts in this District often include in an attorneys' fee award reimbursement for work
10 performed by a paralegal, *see, e.g.*, *Gonzalez v. Rest.*, No. 14-cv-03099-BLF, 2015 WL 4481978,
11 at *5 (N.D. Cal. July 22, 2015); *Bd. of Trs. v. LML Enters., Inc.*, No. C 13-3117 RS, 2014 WL
12 2880023, at *6 (N.D. Cal. June 24, 2014) (collecting cases), including in ADA access cases. *See,*
13 *e.g.*, *Ascencio v. ADRU Corp.*, No. C 12-04884 WHA, 2014 WL 203212, at *10-11 (N.D. Cal.
14 Jan. 6, 2014). But not all legal assistant tasks are compensable. "Clerical or secretarial tasks that
15 contribute to the work product should not be billed at a paralegal [or lawyer's] rate, regardless of
16 who performs them, and instead [should be] billed separately, at market rates, following the given
17 practice in a community." *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496, 2015 WL
18 1886708, at *8 (N.D. Cal. Apr. 24, 2015) (internal quotation marks omitted) (second alteration in
19 original) (citing *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992)). By
20 contrast, "purely secretarial or clerical tasks are generally not recoverable in a motion for
21 attorney's fees and should instead be considered a part of normal overhead costs." *Id.*; *see also*
22 *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("[F]iling, transcript, and document
23 organization time was clerical in nature and should have been subsumed in firm overhead rather
24 than billed at paralegal rates."); *Moralez v. Whole Foods Mkt., Inc.*, No. C 12-01072 CRB, 2013
25 WL 3967639, at *4 (N.D. Cal. July 31, 2013) ("Fees for work that is clerical in nature are
26 considered part of normal overhead costs.").

27       Here, Plaintiffs have not provided the Court any information detailing the nature of the
28 work performed by A. Cooper and P. Maupin, and instead merely note that they are Legal

Assistants or Word Processors who performed 9.8 and 4.2 hours of work, respectively, billed at a $40 hourly rate. (Dkt. No. 34-5 at 2.) Absent further explanation of how that time was spent, the Court cannot determine whether the work qualifies as a compensable litigation expense. In their supplemental papers, Plaintiffs should cite legal authorities and provide evidence to support their argument that they are entitled to the requested fees for the assistants' work. If Plaintiffs choose not to submit further evidence clarifying the roles of Cooper and Maupin, the Court will conclude that their work was merely clerical in nature and should not be compensated.

Second, Plaintiffs contend that the same statutory provisions entitle them to $1,437.75 in fees for the work of Certified Accessibility Inspector/Plans Examiner Rick Sarantschin as an expert witness. (Dkt. No. 33 at 28.) Section 505 of the ADA authorizes a prevailing party to recover costs and litigation expenses, including expert witness fees. *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002); 42 U.S.C. § 12205; *see, e.g.*, *Rodgers*, 2015 WL 1886708, at *13-14 (awarding expert witness fees as litigation expenses), including in ADA cases where the witness inspection "served as the foundation for the specific alterations that Defendants were ordered to make." *Hohlbein v. Utah Land Res. LLC*, 432 F. App'x 655, 656 (9th Cir. 2011); *see also Fortson v. Marriot Int'l, Inc.*, No. CV 11-01454 LB, 2013 WL 1832411, at *10 (N.D. Cal. May 1, 2013) (awarding expert witness fees in access barrier case for experts who visited the site and testified about why certain structures constituted barriers).

In his declaration submitted in support of Plaintiffs' motion for default judgment, Mr. Sarantschin avers that he performed an inspection of the Business in February 2013 and August 2015. (Dkt. No. 26 ¶¶ 4-5, 7.) The Sarantschin Declaration does not explain how much time he spent inspecting the Business or preparing his declaration. The Court cannot determine the reasonableness of the requested fee on this record; Plaintiffs must provide evidence to support the requested total, such as a bill of the hours Mr. Sarantschin expended or his usual rates and hours worked.

Accordingly, should Plaintiffs wish to provide additional evidence regarding the above issue, they shall file and serve on Defendants a supplemental submission addressing the questions set forth above by **October 7, 2015**. If no supplemental submission is filed by that date, the Court

3

1  will take the motion under submission based on the current record.  Plaintiffs shall also serve a

2  copy of this Order on Defendants within three days of the date of this order.

3    **IT IS SO ORDERED.**

4  Dated: September 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge