THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
1832-A Capitol Street
Vallejo, CA 94590
Telephone:    (415) 415-444-5800
Facsimile:    (415) 674-9900

Attorney for Plaintiffs
DAREN HEATHERLY and
IRMA RAMIREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY; and IRMA RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>PANINI; LADA GROUP, INC., a California Corp dba PANINI; THOMAS P. WISEAU; and THOMAS P. WISEAU, Trustee of the THOMAS P. WISEAU REVOCABLE TRUST, aka "The Wiseau Trust" dated 12/10/1992,<br><br>Defendants. | CASE NO.CV-13-4534-CRB<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/CHANGE HEARING** |

Plaintiffs Daren Heatherly and Irma Hernandez, by and through their counsel of record, submit this supplemental points and authorities in opposition to Defendant Thomas P. Wiseau's Motion to Dismiss or Change the Hearing.

**INTRODUCTION**

On October 1, 2013, the Plaintiffs filed their Complaint seeking relief under the Americans with Disabilities Act ("ADA") and companion state laws for the failure of the Defendants to remove architectural barriers to access for persons with disabilities at the public accommodation know as Panini. On November 5, 2014, Defendant Thomas P. Wiseau was successfully served with the Summons and Complaint, and Proof of Service of same was filed

with the Court on November 21, 2014. Thomas P. Wiseau, thereafter, failed to file an Answer to the Complaint or make any attempt to contact the Plaintiffs or their counsel with regard to this action.

On March 3, 2015, a motion for entry of default was filed by the Plaintiffs, and default was entered by the Clerk against Thomas P. Wiseau on March 9, 2015. Plaintiffs' motion for default judgment was then filed on August 27, 2015, and after submission of supplemental briefing, on October 6, 2015, the Magistrate Judge filed her Referral for Reassignment and Report and Recommendation Re: Default Judgment, wherein it was recommended that the Plaintiffs' motion be granted and relief be had in the form of: (1) "[i]njunctive relief compelling Defendants to modify the Business's entrance, the arrangement of its chairs, the restroom's locks and handles, and the height of its soap dispensers—to the extent each Defendant has the legal right to do so under the joint venture agreement and state law—so that the Business is readily accessible to and usable by individuals with disabilities is therefore appropriate" (Dkt. No. 37-2 at 26:11-15); (2) statutory damages in the amount of $8,000 to each plaintiff (*Id.* at 25:16-17); and (3) attorneys' fees of $12,350 (*Id.* at 31:22-23) and costs of $2,187.06 (*Id.* at 32:22).

Mere hours before the issuance of the Magistrate's Report and Recommendation Re: Default Judgment, on October 5, 2015, over ten (10) months from being served with the Summons and Complaint, Defendant Thomas P. Wiseau made his first appearance in this matter in the form of an almost unintelligible pleading captioned as a Motion to Dismiss or Change the Hearing. Defendant's alleged motion is procedurally improper and has no legally recognizable basis under the Federal Rules of Civil Procedure, and it should be stricken by the Court in its entirety on this basis. Nonetheless, even if the Court is inclined to treat this document as a motion to set-aside default under Federal Rule of Civil Procedure 55(c), it should be properly denied for the following reasons.

//

//

//

//

# ARGUMENT

## I. DEFENDANT HAS FAILED TO SHOW GOOD CAUSE OF SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55(c) allows the Court to set-aside an entry of default where the defaulting defendant can show good cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court must look to and consider three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *See also, United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)(stating that the *Falk* factors are applicable to determinations of "good cause" under Rule 55(c), as well as "excusable neglect" under Rule 60(b)(1)). While the Court may consider and balance all of the *Falk* factors in making its determination of whether to set-aside the default, it is also true that the Court is "free to deny [relief] 'if any of the three factors [is] true." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)(quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2008).

### A. Defendant's Culpability

It is disingenuous of the Defendant to assert that he did not receive service of the Summons and Complaint herein. As the Magistrate Judge has already noted at length in her Referral for Reassignment and Report and Recommendation Re: Default Judgment that valid service was accomplished after extraordinary effort on the part of the Plaintiffs' process server.

> Here Plaintiffs' process servers first attempted to serve Wiseau by making four visits to an unnamed San Francisco business; however, both an employee and the business owner's brother informed the process servers that they did not know Wiseau. Plaintiffs' process servers then made more than fifteen unsuccessful visits to Wiseau's home before learning he might now be found in Los Angeles. (Ftn. 4. During the process server's last visit, a tenant in the building indicated that the process server had the wrong address. However, "Wiseau" was the name on the intercom outside the building. Further, the home address where service was attempted corresponds to the address listed for Wiseau on his ownership documents for the Business.) These efforts spanned six months, from October 2013 to April 2014. Plaintiffs' process servers then began to look for Wiseau in Los Angeles and as of September 2014—nearly a year after the complaint was filed—they still had not located him. Then, in early November 2014, process servers made two visits to a business located at 5566 West Pico Boulevard to no avail. On the third visit, "the person in charge of the business" told the process

server that Wiseau was not in. Plaintiffs' process server then made substitute service on Byron Smith, a "[p]erson in charge at least 18 years of age apparently in charge of the office." Copies of the documents were mailed two days later. Plaintiffs subsequently indicated their belief that after service, Wiseau vacated the premises.

"Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.") *See Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988). "Reasonable diligence may [also] include any other method 'reasonably calculated to provide the defendant with actual notice of the action.'" *G&G Closed Circuit Events, LLC v. Saddeldin*, No. 1:10-cv-00062-AWI-SKO, 2014 WL 631613, at *6 (E.D. Cal. 2014). Plaintiffs have exerted more than reasonable diligence in their efforts to serve Wiseau, searching for more than a year across three properties. **Although the documents do not define Wiseau's relationship to the business in Los Angeles, the person in charge of the business recognized Wiseau when asked by the process server whether Wiseau was there that day**. (Dkt. No. 37-2 at 7:6 - 8:7)(Internal docket cites omitted; emphasis added).

The Magistrate Judge also found that the Defendants' failure to respond to the complaint was not a result of excusable neglect. "Here, there is no indication that excusable neglect is to blame for Defendants' failure to appear and defend themselves. To the contrary, the record indicates that Defendants were properly served with the Summons and Complaint, were aware of the claims, and their agent for service of process, Mr. Musleh, even discussed the possibility of settlement with Plaintiffs' counsel." (Dkt. No. 37-2 at 22:14-18). Thus, it can only be surmised that Defendant Thomas P. Wiseau's failure to respond to the Complaint for a period in excess of ten (10) months was the result of conscious disregard or willful intention.

### B. Lack of a Meritorious Defense

The only alleged defense raised in the Defendant's motion to the Court is reference to the public accommodation's structural age and an apparent misguided belief that because the physical premises is old Defendant is exempt from compliance with barrier removal requirements of the ADA. However, the ADA imposes on all public accommodations that existed at the time of its enactment a legal obligation to remove architectural barriers which deny access to persons with disabilities. 42 U.S.C. §12182(b)(2)(A)(iv). Based on the clear requirements of the law, removal of architectural barriers in places of public accommodation with construction histories which predate the ADA has been universally accepted by the Courts. *Parr v. L&L Drive-Inn Restaurant*, 96 F.Supp.2d 1065 (D. Haw. 2000); *Pascuiti v. New York*

*Yankees*, 87 F.Supp.2d 221 (S.D.N.Y. 1999); *Boemio v. Love's Restaurant*, 954 F.Supp. 204 (S.D.Cal. 1997). In recognition of the potential challenges posed by some barrier removal in existing facilities, the law sets a lower threshold for compliance than is required in new construction or facilities undergoing structural alterations. Nonetheless, it is still legally incumbent on all owners and operators of places of public accommodation to identify and remove architectural barriers to access. Thus, the Defendant's assertion that he is exempt from liability because his building is old is not a valid or meritorious defense to the claims alleged by the Plaintiffs in their complaint.

### C. Prejudice to Plaintiffs

Finally, the Defendant's failure to timely respond to the Complaint has and will continue to prejudice the Plaintiffs if the default is set-aside. Plaintiffs relief in this matter has already been delayed for over two years while their counsel and process server had to exert extraordinary efforts to track down the defendants, accomplish service of process, pursue entry of default and then proceed all the way through a prove-up hearing on their motion for default judgment. It was literally only on the eve of the Magistrate Judge's recommendation that default judgment be entered in favor of the Plaintiffs that Defendant Wiseau finally made an appearance. If this Court were to now set-aside the default, these proceedings would reset back to the very initial phase of litigation, and Plaintiffs would be facing the possibility of another eighteen months or more of legal proceedings and delayed relief.

The Court should also give consideration to the fees and costs which have been incurred by plaintiffs and their counsel in pursuing default in this case, as well as the escalation of the fees and costs if these proceedings are prolonged. As the Court is well-aware, attorneys fees are perhaps the most contentious elements of most disability access cases. Counsel herein predicts with almost certainty that if the default is set-aside and these proceedings continue, the Defendant will vigorously contest the Plaintiffs' counsel's fees, despite such fees being necessitated by and a direct result of the Defendant's own misbehavior.

Therefore plaintiff seeks additional attorney fees in the sum of $2,800 to prepare this supplemental memorandum of points and authorities (*See* accompanying Declaration of Thomas E. Frankovich).

## CONCLUSION

For the foregoing reasons, the Defendant's motion should be denied and the Court should proceed to enter default judgment in favor of the Plaintiffs as recommended by the Magistrate Judge.

Respectfully submitted,

Dated: January 7, 2016

THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: /s/Thomas E. Frankovich

Thomas E. Frankovich
Attorney for Plaintiff DAREN HEATHERLY; and Plaintiff IRMA RAMIREZ